# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

MATTHEW HUSKEY                                                    PLAINTIFF

v.                                                          No. 1:17CV140-SA-JMV

MARSHALL FISHER, ET AL.                                          DEFENDANTS

## ORDER *DENYING* PLAINTIFF'S MOTION FOR A
## TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

This matter comes before the court on the plaintiff's motion for a temporary restraining order or, in the alternative, for a preliminary injunction. The plaintiff is an inmate currently housed at the Wilkinson County Correctional Facility. The plaintiff seeks an order from the court requiring: (1) defendant Hall to arrange for the plaintiff to have a physical examination and to stop harassment from officers; (2) the defendants to ensure that his food is not contaminated; (3) the defendants to refer him to an outside physician; and (4) the defendants to place him in the Maximum Security Unit ("MSU") at Unit 720 at the Central Mississippi Correctional Facility. For the reasons set forth below, the instant motion will be denied.

### Preliminary Injunctions

Both temporary restraining orders and preliminary injunctions are governed by Fed. R. Civ. P. 65. Though the same criteria govern the issuance of preliminary injunctions and temporary restraining orders, the purpose and form of relief differ for each. The purpose of a preliminary injunction is to preserve the status quo during the course of litigation until the court can hold a trial on the matter. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary; *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). When adjudicating a preliminary injunction, the court must

provide notice to all parties and give them a chance to be heard.   Fed. R. Civ. P. 65(a)(1).   Once

issued, a preliminary injunction stays in effect until the court grants final relief or otherwise

modifies the order.   Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and

Commentary Rule 65, Practice Commentary.   Once the court issues final relief, the preliminary

injunction dissolves, as the court need no longer rely on its equitable powers to provide interim

relief.   11A, Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed.);

*U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).   A ruling on a

preliminary injunction is immediately appealable:

> [T]he courts of appeals shall have jurisdiction over appeals from . . . [i]nterlocutory
> orders of the district courts of the United States . . . granting, continuing, modifying,
> refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions . . . .

28 U.S.C.A. § 1292(a)(1).

## Temporary Restraining Orders

Similarly, the purpose of a temporary restraining order is to preserve the status quo and

prevent irreparable harm, *but only until the court can hold an adversarial hearing for a*

*preliminary injunction.*   Fed. R. Civ. P. 65(b)(3), *Granny Goose Foods, Inc. v. Brotherhood of*

*Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-439, 94

S.Ct. 1113 (1974).   Thus, a temporary restraining order may be granted *ex parte*, but it only lasts

for 14 days (28 days if the court permits, with a showing of good cause).   Fed. R. Civ. P. 65(b)(2).

*Ex parte* temporary restraining orders are disfavored, and courts seldom grant them.   Steven S.

Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice

Commentary.   Once the court rules on a motion for preliminary injunction, then the temporary

restraining order has served its purpose and should be dissolved.   *Granny Goose*, 415 U.S. at 443.

Neither party may appeal a district court's ruling on a temporary restraining order, as it has an

extremely limited duration. *Chicago United Industries, Ltd. V. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006). However, once the district court rules on a motion for preliminary injunction regarding the issue, the parties may appeal *that* order. *Northeast Ohio Coalition for Homeless Service Employees Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006).

## Elements of Temporary Restraining Order or Preliminary Injunctive Relief

A party must prove four elements to be entitled to preliminary injunctive relief or a temporary restraining order: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Preliminary injunctions and temporary restraining orders are extraordinary remedies, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a

preliminary injunction is to be treated as the exception rather than the rule"). Under Fed. R. Civ. P. 65, the party seeking a preliminary injunction or temporary restraining order must give security in an amount the court deems proper (which can be zero in some circumstances).

**Analysis**

Mr. Huskey alleges in the instant motion that inmates and officers contaminate his food with semen and other substances – and that the contamination causes nausea and vomiting. He also alleges cameras record his every move and sound – and that inmates and others know what he is doing, as he is doing it. He also believes that the cameras stream the video to a hospital and to a facebook page. Mr. Huskey alleges that he has been moved several times to different locations and facilities, but, no matter where he is housed, cameras record his every action – and the inmates and guards contaminate his food. Though various prison staff members have searched for cameras, they have not found any. Similarly, members of prison staff have investigated whether Mr. Huskey's food is contaminated but have found no contaminants. He has been examined by doctors and given medication for stomach problems, but medical personnel have denied his requests to examine the contents of his stomach to identify the contaminant Mr. Huskey believes to be there.

Mr. Huskey testified at his *Spears* hearing that at least one doctor has diagnosed him as suffering from paranoid schizophrenia. Despite this diagnosis, Mr. Huskey refuses all medication to treat the condition because he does not believe anything is wrong with him. As the Magistrate Judge stated in her Report and Recommendation, though it is certainly possible that inmates and guards might contaminate another inmate's food, the chances of that same problem occurring at all facilities in which he is housed are "vanishingly small." Likewise, it is beyond belief that, no

matter where Mr. Huskey is housed, cameras record his every move and transmit the images and sounds to offsite monitoring stations.

Given Mr. Huskey's diagnosis of paranoid schizophrenia, as well as the extremely low probability that the cameras and food contamination exist across every facility in which Mr. Huskey has been housed, he cannot demonstrate a substantial likelihood of success on the merits of this case.   As such, he has not demonstrated a substantial likelihood that he will prevail on his claim, and the instant motion for a temporary restraining order or preliminary injunction is **DENIED**.

**SO ORDERED**, this, the 27th day of February, 2018.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**
