IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MATTHEW HUSKEY                                                                                    PLAINTIFF

v.                                                                                        No. 1:17CV140-SA-JMV

MARSHALL FISHER, ET AL.                                                                      DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT OR ORDER

This matter comes before the court on the plaintiff's motion for reconsideration of the court's final judgment [28] denying the plaintiff's motion for a temporary restraining order or preliminary injunction. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.*

In his motion for a temporary restraining order or preliminary injunction, Mr. Huskey requested an order from the court requiring: (1) defendant Hall to arrange for the plaintiff to have a physical examination and to stop harassment from officers; (2) the defendants to ensure that his food is not contaminated; (3) the defendants to refer him to an outside physician; and (4) the defendants to place him in the Maximum Security Unit ("MSU") at Unit 720 at the Central Mississippi Correctional Facility. Mr. Huskey was housed at the Central Mississippi Correctional Facility in Pearl, Mississippi, when he filed the motion for a temporary restraining order or preliminary injunction.

As discussed in the original order denying Mr. Huskey's motion for a temporary

restraining order or preliminary injunction, Mr. Huskey suffers from paranoid schizophrenia – a fact which the court cannot ignore, given the nature of the allegations in this case. The court has already dismissed as delusional Mr. Huskey's claims that prisoners and prison staff monitor his every action with hidden cameras, as well as his claims that, no matter where he is housed, the guards and prisoners there contaminate his food.

In his present motion to reconsider, Mr. Huskey has offered a statement by an inmate housed at the Central Mississippi Correctional Facility that he overheard inmates bragging about putting substances in his food. He argues that the court should grant his motion for a temporary restraining order or preliminary injunction based upon the inmate's statement. Based upon the most recent address Mr. Huskey provided to the court, he has since been moved to the Wilkinson County Correctional Facility in Woodville, Mississippi.

He also alleges that medical staff have informed him that he suffers from a bacterial infection and have prescribed him antibiotics and medication to treat acid reflux. In addition, he concedes that prison medical officials referred him to an outside orthopedist, who examined him and sent a report back to prison doctors.

**Mootness**

As to most of his claims, Mr. Huskey has not shown that he still requires injunctive relief. A party seeking injunctive relief must show that he needs it at the time of the motion:

> A plaintiff seeking injunctive relief "must satisfy the court that relief is needed." *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). To meet this standard, a plaintiff must demonstrate "that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.* at 633.

*Paige v. Sauseda*, No. 5:10-CV-00054-BG, 2011 WL 8184443, at *9 (N.D. Tex. July 7, 2011),

*report and recommendation adopted,* No. 5:10-CV-00054-C, 2012 WL 2512010 (N.D. Tex. June 29, 2012). If such relief is no longer required, the motion for injunctive relief may be dismissed as moot. After filing the instant motion, Mr. Huskey was transferred to another facility, and, generally speaking, the transfer of a prisoner to another institution renders his request for injunctive relief moot:

> The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot. [The plaintiff], however, argues that his alleged constitutional violations are capable of repetition yet evading review.
>
> [A plaintiff] must show either a demonstrated probability or a reasonable expectation that he would be transferred back to [the prison where the incidents occurred] or released and reincarcerated there.

*Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (internal citations, quotations, and footnotes omitted). Mr. Huskey has not made such a showing; as such, his motion for reconsideration as to his claims of food contamination will be denied. Though it is possible that he could be transferred back to the Central Mississippi Correctional Facility, he has not shown that such a move is likely. In addition, Mr. Huskey has now been examined both by prison doctors (for possible food contamination and for his broken arm) and an outside specialist (for his broken arm). Thus, his requests for relief on those grounds have also become moot. Finally, he is not entitled to a transfer to the place of his choosing, especially when, as here, there is no proof that his current location poses a danger to him. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5t Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)

(citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993).

For the foregoing reasons, the plaintiff has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the plaintiff has not presented "any other reason justifying relief from the operation" of the judgment. As such, the plaintiff's request for reconsideration is **DENIED.**

**SO ORDERED**, this, the 11th day of April, 2018.

      /s/ Sharion Aycock
      **U.S. DISTRICT JUDGE**