# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MATTHEW HUSKEY                                                                          PLAINTIFF

v.                                                                              No. 1:17CV140-JMV

MARSHALL FISHER, ET AL.                                                            DEFENDANTS

**ORDER *DENYING* PLAINTIFF'S MOTION [140]
TO ALTER OR AMEND JUDGMENT, *DISMISSING AS MOOT*
PLAINTIFF'S MOTIONS [144], [146] FOR A STATUS UPDATE**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's memorandum opinion and final judgment granting the defendants' motion for summary judgment and dismissing the case for failure to exhaust administrative remedies. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## Judicial Notice

The plaintiff argues that, in granting summary judgment to the defendants, the court improperly took judicial notice of the online version of the MDOC Inmate Handbook regarding various reasons the Administrative Remedy Program might reject a grievance. In their motion for summary judgment, the defendants cited the Mississippi Department of Corrections website as a source for the grievance process as set forth in the Inmate Handbook – and requested that the

court take judicial notice of its contents. In support of the request, the defendants cited Federal Rules of Evidence 201(b)(2), which states, "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court finds that the MDOC website comports with Fed. R. Evid. 201(b)(2). The Fifth Circuit has upheld taking judicial notice of the contents of a state agency's website. *Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir.2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website). Thus, the court properly took judicial notice of the contents of the MDOC website.

## Due Process Regarding Knowledge of the Grievance Procedure

The plaintiff argues that, in submitting his grievances, he relied upon the requirements set forth in the MDOC Standard Operating Procedures ("SOPs") (which differ somewhat from the those in the Inmate Handbook) and was unaware that he could not request relief beyond the power of the MDOC to grant.[1] The plaintiff has not alleged that the MDOC website contains an inaccurate copy of the Inmate Handbook. Instead, he argues that he did not have access to the Inmate Handbook and had to rely on the SOPs, to which he had access. Thus, he argues that the court should grant his motion under Rule 59(e) to correct a manifest error of law or fact.

The online Inmate Handbook (effective June 2016) lists five reasons to reject an inmate's grievance:

---

[1] Court staff have informed counsel for the Mississippi Department of Corrections that the requirements in the SOPs differ from those in the Inmate Handbook. Though not dispositive in the present case, it would be better for the SOPs and the Inmate Handbook to set forth the same grievance procedure.

> V. **SCREENING**
> The Administrative Remedy Program Director will screen all requests prior to assignment to the First Step. If a request is rejected, it must be done for one of the following reasons, which shall be noted on Form ARP-1.
> A. The relief sought is beyond the power of MDOC to grant.
> B. The complaint concerns an action not yet taken or a decision not yet made.
> C. There has been a time lapse of more than 30 days between the event and the initial request.
> D. The inmate has requested a remedy for more than one incident (a multiple complaint).
> E. The request does not contain the phrase "this is a request for administrative remedy".

In contrast, SOP Number 20-08-01 (effective September 15, 2017) lists eight reasons to reject an inmate's request (which the court has restated slightly in the interest of brevity):

(1) The matter is not appealable through the grievance process, such as

      a. Court decisions
      b. Parole Board decisions
      c. Duplicate requests;

(2) In cases where multiple inmates file similar or identical requests, the ARP will process the first one, reject the others, and send each inmate a copy of the final decision;

(3) The grievance involves an action not yet taken or a decision not yet made;

(4) The offender has requested a remedy for another offender;

(5) The offender has requested a remedy for more than one incident;

(6) The offender has not followed established rules and procedures;

(7) The offender has refused to cooperate with the inquiry into his allegation; and

(8) More than 30 days has elapsed between the event and the initial request (unless waived by the ARP Director).

The plaintiff is correct that the SOPs do not list as a reason to reject a grievance that the relief requested is beyond the power of the Administrative Remedy Program. However, as a matter of reason, if the relief the plaintiff requested was beyond the power of the agency to grant, then – rule or no – that form of relief was unavailable, and the grievance could not move forward. In any event, if the relief requested is beyond the power of the MDOC to grant, then it also cannot be obtained through the grievance process – the first reason in SOP Number 20-08-01 for rejecting a grievance (the written procedure upon which he relied).

Second, once his grievances were rejected for that reason, the plaintiff was on at least inquiry notice that the Administrative Remedy Program was using a procedure different from the one set forth in the SOPs. Indeed, the court has seen innumerable grievance forms with the same or similar language over the years. It appears that the plaintiff did not investigate the matter; he did not amend his grievance to seek an appropriate remedy, and the time to seek relief regarding the allegations expired. As such, the plaintiff's arguments are without merit; he did not exhaust his administrative remedies before filing the instant suit.

For the reasons set forth above, the plaintiff has neither asserted nor proven any of the justifications to amend judgment under Fed. R. Civ. P. 59(e). He has not shown that there was a change in the controlling law, that he has newly discovered evidence not previously available, or that there was a manifest error of fact or law. As such, his request to alter or amend judgment is **DENIED.** In light of this order, the plaintiff's motions [144], [146] for a status update are **DISMISSED** as moot.

**SO ORDERED**, this, the 15th day of July, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE