# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MATTHEW HUSKEY                                                                              PLAINTIFF

v.                                                                                    No. 1:17CV140-JMV

MARSHALL FISHER, ET AL.                                                  DEFENDANTS

## ORDER APPOINTING COUNSEL

This matter comes before the court on remand from the Fifth Circuit Court of Appeals for a determination of the timeliness of the plaintiff's Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). The court entered final judgment in this case on April 4, 2019. Under Fed. R. Civ. P. 59, the deadline for a party to file a motion to alter or amend judgment is 28 days from entry of judgment. Thus, the deadline for the plaintiff to file his Motion to Alter or Amend Judgment was May 2, 2019. The plaintiff signed his Motion to Alter or Amend Judgment on April 27, 2019, and it was postmarked May 3, 2019 – one day after the filing deadline.[1]

In a declaration included with his Motion [140] to Alter or Amend, the plaintiff alleged that on April 28, 2019, he placed an Inmate Legal Assistance Program ("ILAP") form in his cell door to be picked up and placed in the legal box, and the form was picked up near 7:00 p.m. On April 30, 2019, he asked the tower officer to call the law library to determine the status of his request, but the officer received no answer. The plaintiff again inquired on May 1, 2019, but the officer again received no response. On May 2, 2019 – the deadline for filing the Motion to Alter or Amend Judgment – the tower officer called again, notified ILAP that the deadline was that day, and was informed that the law

---

[1] A timely motion to alter or amend under Rule 59(e) extends the deadline to file a notice of appeal to 30 days after disposition of the motion. Fed. R. App. P. 4(a)(4)(A)(iv).

librarian had been out all week and would try to get to the plaintiff that day. According to the plaintiff, the next day, May 3, 2019, he "caused to be mailed via [the] Inmate [L]egal Assistance Program … the foregoing documents [which included his Motion to Alter or Amend Judgment]." He requested a status update from the court, noting that he had given his motion to alter or amend judgment to the law librarian on May 3, 2019. The court denied the motion to alter or amend on July 15, 2019. The plaintiff argues that these events should excuse the tardiness of the Motion [140] to Alter or Amend Judgment. The plaintiff filed his Notice of Appeal on August 8, 2019.

The Fifth Circuit has remanded the case to this court, noting that the facts as presented are insufficient for that court to determine whether the plaintiff's August 8, 2019, Notice of Appeal was timely. A notice of appeal must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R. App. P. (a)(1)(A). However, in this case, Mr. Huskey's Motion [140] to Alter or Amend Judgment – if timely – could have extended the appeal deadline to August 14, 2019. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (timely motion under Fed. R. Civ. P. 59(e) extends deadline to file Notice of Appeal until 30 days after disposition of the motion).[2]

The Fifth Circuit has identified several issues which could affect the outcome of the timeliness inquiry:

(1) Whether the plaintiff attached his Motion to Alter or Amend Judgment to the Inmate Legal Assistance Program request form;

(2) Whether the plaintiff properly presented his Motion to Alter or Amend to prison officials on other occasions before the 28-day deadline for filing the motion expired on May 2, 2019;

---

[2] July 15, 2019 (the date this court ruled on the Motion [140] to Alter or Amend) + 30 days = August 14, 2019.

(3) The specific actions the plaintiff undertook to comply with the 28-day filing deadline;

(4) The specific policies or instructions which are set forth in any applicable prison manual or handbook describing what actions an inmate must take to accomplish the timely filing of legal documents with a court;

(5) Whether the plaintiff substantially complied with the applicable prison manual or handbook procedures in presenting his Motion [140] to Alter or Amend Judgment for mailing; and

(6) If so, whether his substantial compliance satisfies the Prison Mailbox Rule.

In a footnote, the Fifth Circuit stated, "[G]iven the complexity of the issues raised in Huskey's appeal, we recommend that the district court consider appointing counsel on remand." Doc. 155 at 7, n. 4. The court may base a decision whether to appoint counsel on many factors, including:

(1) the type and complexity of the case;

(2) the indigent's ability adequately to present and investigate his case;

(3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and

(4) the likelihood that appointment will benefit the indigent, the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citation omitted); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

As the Fifth Circuit noted, the issues involved in this case are complex. This first factor weighs in favor of appointing counsel. As to the second factor, Mr. Huskey has done a creditable job of presenting and investigating his case, but the complexity of the issues also tends to favor appointment of counsel. It is unclear at this juncture whether the evidence will largely consist of conflicting testimony; as such, the third factor is neutral. Finally, for the reasons just discussed, appointment of counsel would benefit the court and the parties by shortening the proceedings and

assisting in a just ruling. The fourth factor thus also favors appointment of counsel. In sum, the *Ulmer* factors weigh in favor of appointing counsel for Mr. Huskey, and the court will do so.

**The court APPOINTS attorney Cliff Johnson, of the MacArthur Justice Center, as counsel to represent Mr. Huskey.**

The Fifth Circuit noted that Mr. Huskey has not had the opportunity to expound upon the events leading up to the filing of his motion; nor has either side had the opportunity to fully explore the issues set forth above. For these reasons, after conferring with counsel to determine a reasonable timetable, the court will set deadlines for discovery and a briefing schedule.

**SO ORDERED**, this, the 6th day of July, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE